UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CITY OF SAN DIEGO, | CASE No: 12-CV-2604 W (WVG) |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS OR STAY [DOC. 10]** |
| v. | |
| INDIAN HARBOR INSURANCE COMPANY, | |
| Defendant. | |

Pending before the Court is Defendant's motion to dismiss or stay. [Doc. 10.] The Court decides the matters on the papers and without oral argument. See Civ. L. R. 7.1(d.1). For the reasons discussed below, the Court **GRANTS IN PART** Defendant's motion.

I. BACKGROUND

Plaintiff City of San Diego ("City") and Defendant Indian Harbor Insurance Company ("Indian Harbor") are currently embroiled in a bicoastal dispute regarding a pollution and remediation legal liability insurance policy sold by Indian Harbor. This dispute has lead to the filing of three separate lawsuits.

1  On July 27, 2012, Indian Harbor filed a lawsuit in the Southern District of New York ("New York Federal Action") styled <u>Indian Harbor Insurance Company v. City of San Diego</u>, Case No. 12 CIV 5787 (JGK). (*Hurtado Decl.* [Doc. 12] ¶ 2.)

On September 21, 2012, the City filed a lawsuit in the Superior Court for the County of San Diego styled <u>City of San Diego v. Indian Harbor Insurance Company</u>. (*Hurtado Decl.* ¶ 3.) That case was subsequently removed to this Court on October 25, 2012 ("California Action"). (*Id.*)

On October 5, 2012, Indian Harbor filed a lawsuit in the Supreme Court of the State of New York, County of New York styled <u>Indian Harbor Insurance Company v. City of San Diego</u>, Index No. 157014/2012 ("New York State Action"). (*Hurtado Decl.* ¶ 4.)

On October 26, 2012, Indian Harbor filed a motion to enjoin the City's prosecution of the California Action. (*Hurtado Decl.* ¶ 5.) On November 28, 2012, the Southern District Court of New York granted the motion and enjoined the City's prosecution of the California Action ("order to enjoin"). (*Id.*) In that same order, the Southern District of New York denied the City's motion to dismiss that case for lack of personal jurisdiction and venue. (*La Londe Decl.* [Doc. 10-2] ¶ 2, Ex. 1.)

After issuance of the order to enjoin, the parties agreed to stay the third-filed New York State Action. On December 19, 2012, the parties signed a stipulation to that effect. (*Hurtado Decl.* ¶ 6.) However, the parties could not come to an agreement regarding the California action. On January 14, 2013, Indian Harbor suggested that the City dismiss the California Action without prejudice. (*La Londe Decl.* ¶ 5.) The City declined to voluntarily dismiss the case and suggested that the action be stayed in a similar fashion to the New York State Action. (*Hurtado Decl.* ¶ 10.)

Because the parties could not agree on whether to stay or dismiss the California action, Indian Harbor filed the instant motion to dismiss, or in the alternative, stay the action. (*MTD* [Doc. 10], *Reply* [Doc. 13].) The City opposes[1]. (*Opp'n* [Doc. 11].)

## II. DISCUSSION

After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions. Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007).

A district court has discretionary power to stay proceedings in its own court under Landis v. North American Co., 299 U.S. 248, 254 (1936). In determining whether to grant a stay, a court should consider the possible damage that may result, the hardship or inequity that a party may suffer, and the orderly course of justice, in terms of simplifying or complicating the issues, proof, and questions of law that could result from issuing the stay. Lockyer v. Mirant Corp., 398 F.3d 1098, 1109, 1111 (9th Cir. 2005). A court can take into account the existence of similar cases pending in the same district, and the probability that more are likely to be filed. Id.

The only issue before the Court is whether the California Action should be dismissed without prejudice or stayed, in light of the Southern District of New York's order to enjoin the prosecution of the California Action. Indian Harbor insists dismissal

---

[1] Indian Harbor suggests that its motion to dismiss should be granted because the City's opposition was filed late. (*Reply* 1.) Although it is true that Civil Local Rule 7.1.f.3.c allows the Court to grant a motion that is not timely opposed, the Court is not required to do so. Here, Indian Harbor has presented no evidence that the late filing of the City's opposition has prejudiced Indian Harbor in any way. Therefore, the Court, in its discretion, will consider the opposition timely filed. See Thompson v. Housing Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986)("District courts have inherent power to control their dockets."); see also Hamilton Copper & Steel Corp. v. Primary Steel, 898 F.2d 1428, 1429; Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

is appropriate, while the City urges the Court to stay the action. For the following reasons, the Court finds that a stay is the appropriate course of action here.

First, dismissal will introduce the possibility of prejudice to the parties, such as statute of limitations issues. Second, the Southern District of New York has explicitly reserved the right to lift the injunction and have the case heard in the Southern District of California. (*Hurtado Decl.* ¶ 11, Ex. 3 p. 10.). Third, the parties both agree that a stay is appropriate, even though Indian Harbor prefers that the matter be dismissed. (*MTD* 3:6-8; *Opp'n* 1:5-6.) A stay, under these circumstances, is the simplest way to effectuate the Southern District of New York's injunction while avoiding any prejudice to the parties. After all, although it may not be likely that this Court will ultimately host the substantive litigation of this dispute, and prejudice may not result from dismissal, "why take chances?" See Asset Allocation & Mgt. v. Western Employers Ins., 892 F.2d 566, 571 (7th Cir. 1989).

### III. CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART** the motion and orders this civil action **STAYED** in light of the Southern District of New York's order to enjoin the prosecution of this matter. The Court **FURTHER ORDERS** the parties to jointly report to the Court on the status of the New York Federal Action by October 1, 2013.

**IT IS SO ORDERED.**

DATED: July 25, 2013

Hon. Thomas J. Whelan
United States District Judge